IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRISTATE HVAC EQUIPMENT, LLP, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 10-1054 |
| BIG BELLY SOLAR, INC., | : |
| Defendant. | : |

**MEMORANDUM**

YOHN, J.                                                                                                           July 21, 2011

Following the dismissal of one of its claims, plaintiff, TriState HVAC Equipment, LLP ("TriState"), has filed a motion for leave to amend its complaint to add new allegations and replead the dismissed claim as well as to assert a new claim. Defendant, Big Belly Solar, Inc. ("Big Belly"), opposes this motion, arguing that the amendments would be futile. For the reasons set forth below, I will grant TriState's motion to amend its complaint.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The facts are well known to the parties and need not be repeated at length here. I summarize only those facts relevant to TriState's current motion to amend its complaint. For a more detailed discussion of the facts giving rise to this action, see *TriState HVAC Equipment, LLP v. Big Belly Solar, Inc.*, 752 F. Supp. 2d 517 (E.D. Pa. 2010).

TriState was a nonexclusive distributor of Big Belly's solar-powered trash-compactor

products in the territory covering Pennsylvania, New Jersey, and Delaware. Under the parties' distribution agreement, Big Belly reserved the right to sell directly to so-called key and national accounts, a list of which Big Belly was to provide to TriState. Big Belly recognized that its sales to these key and national accounts might require participation by its local distributors, and the distribution agreement provided that distributors such as TriState would be entitled to 25 percent of their normal margin if Big Belly involved the distributor in a sale to one of these accounts. TriState asserts that Big Belly never provided a list of key or national accounts and that even though Big Belly knew that TriState was marketing Big Belly products to the City of Philadelphia (the "City"), Big Belly entered into a contract for the sale of its trash compactors to the City. According to TriState, Big Belly had informed the City that it had to buy directly from Big Belly and that the City did not have to put the contract out for bid to distributors. TriState asked to be compensated for its sales efforts with the City, as provided for in the distribution agreement, but Big Belly allegedly refused to compensate TriState. *See TriState HVAC Equip.*, 752 F. Supp. 2d at 522–24.

TriState brought this action against Big Belly, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, tortious interference with a prospective contractual relation, unjust enrichment, and unfair competition under both section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the common law. In a memorandum and order dated October 20, 2010, I dismissed TriState's Lanham Act claim. *See TriState HVAC Equip.*, 752 F. Supp. 2d 517. TriState timely filed a motion for reconsideration of the dismissal of its claim and a concurrent motion for leave to amend its complaint to include new evidence and to replead its Lanham Act claim as well as to add a new claim alleging unfair competition or unfair or deceptive acts or practices in violation of Massachusetts' consumer-protection statute, Mass.

Gen. Laws Ann. ch. 93A, § 2. Because TriState did not meet the standard for reconsideration of the dismissal of its claim, I denied its motion for reconsideration as to its Lanham Act claim. *See TriState HVAC Equip.*, 2011 WL 204738. But I advised the parties that I would review the new evidence offered by TriState, and review the issues that TriState raised in support of its motion for reconsideration, in the context of its motion for leave to amend its complaint. I granted Big Belly fourteen days from the date of that decision to respond to TriState's motion for leave to file an amended complaint, but the parties agreed to extend the time for Big Belly to respond. Now that the parties' briefing has been completed, TriState's motion for leave to amend its complaint is ripe for review.

## II.   DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading with the other party's consent or with leave of the court, which the court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has held that although motions to amend a complaint should be liberally granted, leave to amend "rest[s] within the sound discretion of the trial court." *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983); *see also Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984) (asserting that "the district court's discretion to deny leave to amend" is limited by the "liberal amendment philosophy" of the Federal Rules of Civil Procedure). A court should grant leave in the absence of undue delay, bad faith, undue prejudice to the opposing party, or futility of the amendment. *See Adams*, 739 F.2d at 864 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Big Belly argues that TriState's amendments would be futile and thus that its motion for leave to amend its complaint should be denied.

A claim is futile and a "court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Massarsky*, 706 F.2d at 125. "In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept as true all allegations in the amended complaint and draw all reasonable inferences in favor of the plaintiff. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).

### A. Lanham Act Claim

TriState seeks to amend its complaint to add new allegations and to replead its Lanham Act claim. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), creates a cause of action for false or misleading statements concerning one's own, or another's, product or commercial activities.[1]

TriState based its original Lanham Act claim on allegations that, in selling trash compactors to the City, Big Belly made false or misleading statements, telling the City that it had to purchase directly from Big Belly and did not have to put the contract out for bid to distributors. Big Belly argued, in its motion to dismiss, that because it reserved the right, in

---

[1] Section 43(a) provides, in relevant part, that
[a]ny person who, . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.
15 U.S.C. § 1125(a)(1).

4

section 10(a) of the distribution agreement, not to accept any order placed by a distributor—and thus could have refused to accept TriState's order if the City had instead sought to purchase trash compactors from TriState rather than directly from Big Belly—its statements to the City were neither false nor misleading. In its opposition to Big Belly's motion to dismiss, TriState did not argue that Big Belly's right of refusal was limited in any way—and, indeed, did not even respond to Big Belly's argument that it made no misrepresentations because it had the right to reject any order. Accordingly, in my October 20, 2010, memorandum and order, I concluded that TriState had not alleged sufficient facts to support a conclusion that Big Belly's statements to the City were false or misleading.

Now, in seeking to amend its complaint to replead its Lanham Act claim, TriState asserts that it has obtained new evidence suggesting that "Big Belly did not understand [section] 10(a) as providing it with an unconditional right to reject any orders from TriState." (Pl.'s Reply Br. in Supp. of Mot. for Leave to File a 1st Am. Compl. ("Pl.'s Reply") at 3–4.) In particular, TriState has obtained a March 2, 2009, letter from Big Belly to the City's Streets Department, in which Big Belly asserted that the agreements with its distributors did not preclude Big Belly from selling directly to any account and that the agreements with its Philadelphia-area distributors listed the City as a key account of Big Belly's. (Pl.'s Br. in Supp. of Mot. for Leave to File a 1st Am. Compl. Ex. A.) TriState has also obtained a report issued by the City Controller's Office following a review of the City's purchase of Big Belly trash compactors. The report discusses both the March 2, 2009, letter and a subsequent interview with Big Belly's CEO. According to the report, in an interview with the City Controller's Office, Big Belly's CEO acknowledged that the letter was incorrect, since an agreement with one of its distributors (TriState) did not list the City as a key account, but denied that the letter was a material misrepresentation, explaining that

5

he believed that TriState was aware that Big Belly was pursuing sales to the City. (*Id.* Ex. B). Neither document suggests that Big Belly was relying on section 10(a) of the distribution agreement to support the validity of its statements to the City. TriState contends not only that these documents provide evidence of additional misrepresentations made to the City but also that they suggest that the uncontested interpretation of the distribution agreement in the ruling on the motion to dismiss is inconsistent with Big Belly's actual interpretation of the agreement during the negotiation process. Noting that Big Belly's CEO did not mention section 10(a) of the distribution agreement in the interview with the City Controller's Office, TriState argues that that omission suggests that Big Belly "did not understand [section] 10(a) as providing it with an unconditional right to reject any orders from TriState." (Pl.'s Reply at 3–4.)

Although a jury may consider this a weak inference, it is sufficient to prevent a finding that the proposed amendment to the Lanham Act claim is futile.

Under Massachusetts law,[2] "[t]he interpretation of an unambiguous contract is a question of law for the court, as is the initial determination of whether an ambiguity exists." *Bukuras v. Mueller Group, LLC*, 592 F.3d 255, 261 (1st Cir. 2010). Although as a general matter extrinsic evidence is considered in interpreting a contract only where the an ambiguity exists, under Massachusetts law "extrinsic evidence can be offered to show that seemingly plain language, in the circumstances, conceals an ambiguity." *LPP Mortg., Ltd. v. Sugarman*, 565 F.3d 28, 31–32 (1st Cir. 2009); *see also Donoghue v. IBC USA (Publ'ns), Inc.*, 70 F.3d 206, 215 (1st Cir. 1995) ("[A] court may consider parol and extrinsic evidence for the very purpose of deciding whether the documentary expression of the contract is ambiguous.").

---

[2] The distribution agreement provides that Massachusetts law governs the agreement. *See TriState HVAC Equip.*, 752 F. Supp. 2d at 530.

Given the new allegations in TriState's proposed amended complaint, I cannot conclude at this stage of the proceedings that TriState's proposed amendment would be futile.[3]

Big Belly contends that because I previously concluded as a matter of law, on the basis of Big Belly's uncontested allegations, that Big Belly, in section 10(a) of the distribution agreement, had unambiguously reserved the right, in its sole discretion, not to accept any order placed by TriState—and thus that Big Belly had not made any misrepresentations to the City—the "law of the case" doctrine renders TriState's proposed Lanham Act claim futile and precludes me from granting TriState's motion for leave to amend its complaint. But the law-of-the-case doctrine, which "limits relitigation of an issue once it has been decided in an earlier stage of the same litigation," *Hamilton v. Leavy*, 322 F.3d 776, 786 (3d Cir. 2003) (internal quotation marks omitted), is a discretionary doctrine and "does not restrict a court's power but rather governs its exercise of discretion," *In re City of Philadelphia Litig.*, 158 F.3d 711, 718 (3d Cir. 1998). Courts have recognized that "[r]econsideration of a previously decided issue may . . . be appropriate in certain circumstances," including where, as here, new evidence is available, provided that the "new evidence differs materially from the evidence of record when the issue was first decided and . . . it provides less support for that decision." *Hamilton*, 322 F.3d at 787. Of course, TriState obtained this evidence in July 2010, while Big Belly's motion to dismiss was pending, and had ample opportunity to seek leave to amend its complaint, or to supplement its

---

[3] I note that to prevail on its Lanham Act claim, TriState must ultimately demonstrate not only that Big Belly made a misrepresentation to the City but also that the misrepresentations were made in "commercial advertising or promotion." 15 U.S.C. § 1125(a)(1). In its motion to dismiss TriState's original complaint, Big Belly argued that the statements it allegedly made to the City were not made in either "advertising" or "promotion" within the meaning of the Lanham Act, although Big Belly did not cite any case law and did not clearly articulate the basis for its contention. Big Belly has not renewed its argument here.

brief in opposition to Big Belly's motion to dismiss, to include this new evidence.[4] Nonetheless, "[t]he decision whether or not to apply law-of-the-case is informed principally by the concern that disregard of an earlier ruling not be allowed to prejudice the party seeking the benefit of the doctrine," *Prisco v. A & D Carting Corp.*, 168 F.3d 593, 607 (2d Cir. 1999) (internal quotation marks and alterations omitted), and because allowing TriState to amend its complaint to replead its Lanham Act claim will not prejudice Big Belly at this stage of the proceedings, I will exercise my discretion to grant TriState leave to amend its complaint.

### B. Massachusetts Statute

TriState also seeks to add a new claim alleging unfair competition or unfair or deceptive acts or practices in violation of Massachusetts's consumer-protection statute, Mass. Gen. Laws Ann. ch. 93A, §§ 2, 11.[5]

Big Belly contends that TriState cannot state a claim against it under the Massachusetts statute, and thus that this amendment would be futile, because the alleged wrongful conduct did

---

[4] In ruling on TriState's motion for reconsideration, I noted that the timing of TriState's receipt of this new evidence prohibited its consideration on a motion to reconsider, but that I would review the new evidence when resolving TriState's already-filed motion to amend its complaint.

[5] Section 2 of the Massachusetts statute provides: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Mass. Gen. Laws Ann. ch. 93A, § 2(a). TriState's claim arises under section 11, which provides, in relevant part:
> Any person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice declared unlawful by section two . . . may, as hereinafter provided, bring an action . . . for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper.

*Id.* § 11.

not take place "primarily and substantially" within the Commonwealth of Massachusetts.

The Massachusetts statute permits relief only for conduct that "occurred primarily and substantially within the commonwealth," and provides that the defendant bears the burden of proving that the conduct did not occur primarily and substantially within Massachusetts. Mass. Gen. Laws Ann. ch. 93A, § 11.[6] The Massachusetts Supreme Judicial Court has explained that the analysis required under section 11 "should not be based on a test identified by any particular factor or factors." *Kuwaiti Danish Computer Co. v. Digital Equip. Corp.*, 781 N.E.2d 787, 799 (Mass. 2003). Instead, "a judge should, after making findings of fact, and after considering those findings in the context of the entire § 11 claim, determine whether the center of gravity of the circumstances that give rise to the claim is primarily and substantially within the Commonwealth." *Id.* This is a fact-intensive inquiry, and one that is not appropriate at this stage of the proceedings, when the factual record has not yet been developed. Indeed, as another court noted, "[d]ue to the fact intensive nature of this inquiry, Massachusetts courts have held that it is premature to decide on a motion to dismiss whether a claim occurred primarily and substantially in the commonwealth." *Crown Enters., Inc. v. Equity Indus. Partners Corp.*, No. 07-14842, 2008 WL 2324116, at *6 (E.D. Mich. May 29, 2008) (collecting cases).

Big Belly nonetheless argues that TriState has already conceded, in its opposition to Big Belly's earlier motion to transfer venue, that all of the operative facts of this case occurred in this

---

[6] Section 11 provides, in relevant part:
No action shall be brought or maintained under this section unless the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within the commonwealth. For the purposes of this paragraph, the burden of proof shall be upon the person claiming that such transactions and actions did not occur primarily and substantially within the commonwealth.
*Id.* § 11.

district (not in Massachusetts). But in ruling on the motion to transfer venue, I discounted TriState's contention, asserting that "in fact, events or omissions giving rise to TriState's claims occurred in both this district and the District of Massachusetts." *TriState HVAC Equip.*, 752 F. Supp. 2d at 538–39 (explaining that "to the extent that TriState's claims are based on Big Belly's alleged breach of contract—its failure to make a payment allegedly owed to TriState—that omission occurred in Massachusetts, Big Belly's principal place of business"). And given that I have not yet made any findings of fact as to TriState's claim under the Massachusetts statute, TriState's previous assertions in opposing the motion to transfer venue are not dispositive here and do not preclude it from stating a claim under the Massachusetts statute at this stage, when the standard is whether the claim would survive a motion to dismiss.[7]

I thus cannot conclude that TriState's proposed amendment adding the Massachusetts claim would be futile.[8]

### III.   CONCLUSION

For the reasons set forth above, I will grant TriState's motion for leave to amend its complaint. An appropriate order accompanies this memorandum.

---

[7] Citing *Crown Enters.*, 2008 WL 2324116, at *6 (asserting that plaintiffs' allegations that defendants were a Massachusetts corporation and Massachusetts residents "suggests, at this time, that Defendants' misconduct occurred in whole or in part in the commonwealth"), TriState contends that its averment that Big Belly's principal place of business is in Massachusetts is sufficient to survive a facial attack and that its "averments in its proposed Massachusetts Consumer Protection Act claim are thus not inconsistent with the arguments it raised against transfer of venue." (Pl.'s Reply at 7 n.7.)

[8] Although it is by no means dispositive here, I note that Big Belly, in its answer to TriState's original complaint, has asserted a counterclaim under the Massachusetts statute.